# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 22 cv 989

JON F. GRAY-GINSBERG, et al., Plaintiff

v.

SUNEEL GUL MIRCHANDANI c/o Replysystems.com / Infowhyse GmbH; P. RAHN; KRISTI BURTON BROWN; JOSEPH JACKSON, Defendants

## MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION AND
## FOR FAILURE TO STATE A CLAIM

Defendants Kristi Burton Brown, Priscilla Rahn, and Joseph Jackson hereby file this motion to dismiss each of the Plaintiff's Claims for Relief in the Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and secondarily, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants request dismissal with prejudice, due to Plaintiff's harassing behaviors that indicate this lawsuit has been improperly filed, without grounds, as another means of harassment, such as the harassing behavior described in Fed. R. Civ. P. 11.

As to the Duty to Confer in D.C. COLO. LCivR 7.1 (a), this motion falls under the exception in 7.1 (b), as it is a motion brought under Fed. R. Civ. P. 12.

## LACK OF SUBJECT MATTER JURISDICTION

In his complaint, Plaintiff has asserted diversity of citizenship jurisdiction because he has sued another Defendant at the same time as the three Defendants named here. This other defendant – which Plaintiff uses as the basis for his jurisdiction claim – is allegedly a foreign corporation that Defendants have signed no contract with and are not connected to. Plaintiff has provided no proof or facts to the contrary. Defendants have never even spoken to anyone who works for this alleged corporation.

More importantly, 28 U.S.C. § 1332 requires that, for diversity jurisdiction, all defendants need to be of diverse citizenship. All three Defendants filing this motion are Colorado residents, as is the Plaintiff. No diversity of citizenship exists.

Additionally, on the Civil Cover Sheet, Plaintiff requests a demand of $1.00, even though diversity jurisdiction requires the controversy to exceed $75,000. Thus, Plaintiff's assertion of diversity of citizenship jurisdiction is improper and Defendants move to dismiss on this basis.

## FAILURE TO STATE A CLAIM

Under the *Twombly* standard for Rule 8(a)(2) of the Fed. R. Civ. P., Plaintiff's complaint does not make allegations of fact that, even if believed, make his case plausible. *See Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff spends much of his Complaint attempting to

explain his interpretation of various federal laws instead of actually asserting facts that have anything to do with Defendants' actions.

It is very difficult to follow Plaintiff's claims and causes of action. The Civil Cover Sheet checks only one box in the "Nature of Suit" – Civil Rights, Voting. Then, under the Cause of Action, Plaintiff lists "18 U.S.C. S. 1514A Sarbanes-Oxley Act (SOX) violations for Campaign Finance Collection & Election Computers" and describes the cause as "18 U.S. Code S. 1030 – Computer Fraud by Foreign Gmbh." Further, Plaintiff checks the box that this is a "Class Action Under Rule 23, F.R.Cv.P." without providing any facts detailing how this is or could become a class action. It seems to Defendants that Plaintiff is casting out a wide net with no actual facts or claims, simply to harass Defendants.

Plaintiff has already acted in a harassing manner to Defendants on multiple occasions, threatening to sue them when he did not make the ballot in the Governor's race at the Republican Party State Assembly on April 9th at World Arena. He left the arena and brought back his Doberman-Pinscher, which he used by his side while he threatened Kristi Burton Brown, who is one of the Defendants and the Chairman of the Republican Party. Additionally, on an earlier date he spoke in a threatening manner to Burton Brown's children, and followed Mr. Jackson around the arena, screaming at him.

Since Plaintiff's claims are very difficult to follow, Defendants will do their best to outline why no claim for relief has actually been stated.

**Claim 1, 2**

Plaintiff fails to cite any facts here, but instead merely his "beliefs." Furthermore, Defendants are neither subject to a multitude of the statutes Plaintiff cites, nor do they owe the duties to Plaintiff he alludes to. Plaintiff also states outright lies which he has no basis to claim, including that the Defendants "collect[ed] Millions of Dollars" and "distribute the millions of dollars." A quick look at Defendants' organization's campaign finance reports would indicate this is patently false.

Plaintiff attempts to use Sarbanes Oxley to paint himself as some sort of whistleblower. However, he is not an employee of Defendants and never has been. Instead, he was a filed candidate who ran and lost at the Colorado Republican State Assembly. He has no other association with Defendants, and this association was not by the choice of Defendants.

**Claim 3**

Plaintiff alleges a claim under 31 USC 3729(a), stating that Defendant "tampered with the serial number of the voting devices". However, he states no facts to back up his baseless allegation. Accusations without facts are not a claim. Furthermore, Defendant cannot sue on behalf of the government here and claim qui tam.

**Claim 4**

Under his "Antitrust 410" claim, Plaintiff alleges that the "wifi devices used in the April 9th, 2022 election do not follow U.S. Standards for Sarbanes Oxley" or "EU standards." Defendants did not make or manufacture the devices, and they have no duty to comply with either Sarbanes Oxley or EU standards, so this is a baseless claim.

## Claim 5

Plaintiff asserts a "Banks and Banking 430" claim and discusses government being influenced by online banking, but Defendants are neither the government nor a bank.

## Claim 6

This claim does not apply to Defendants.

## Claim 7

Plaintiff once again makes accusations with no facts to back them up. He claims Defendants have violated laws that do not apply to Defendants or their organization, while asserting his opinion about which "best practices" Defendants' digital logs should include. This is not a legal claim of action. Furthermore, Plaintiff does not meet the elements necessary to assert a RICO action.

## Claim 8

There is no Claim 8 in the complaint.

## Claim 9

Here, Plaintiff continues to make false accusations – i.e., his claim that a "spreadsheet was tampered with" – without facts. Additionally, he asserts duties that Defendants do not owe him in law, such as a "digital real time online record of his personal voting record" or a "public record of each delegate's vote." There is no legal claim.

**Claim 10**

Plaintiff cannot bring an Administrative Procedure Act claim against Defendants. Furthermore, this is an improper way to request a Class Action, particularly since there is no right to "digitally audit the election" of a political party at its assembly "per Sarbanes Oxley and…NIST."

**Claim 11**

Plaintiff was never hired as a talent or speaker. He was not an employee of Defendants. Therefore, this is an improper claim.

**Claims 12, 13, 14**

Plaintiff once again makes false implications and asserts claims he has no legal right to. He claims he was charged for a "Media Buy," but that his video was not played. However, the Media Buy was for an ad in the program booklet at the Republican State Assembly. This ad was published. There is no legal right possessed by Plaintiff to have his video played at State Assembly, and it was not part of his Media Buy. No candidate is allowed to buy time for their videos to be played, and Plaintiff submitted no video to Defendants through the DropBox candidates were instructed to use.

Furthermore, Plaintiff was recognized for ten full minutes to speak at the State Assembly, and his voice was not silenced. He was allowed into the Arena to post his campaign banner along with all other campaigns, and no Defendants touched his banner at any time. He has asserted no facts to the contrary.

**Claim 15**

"Agricultural Acts of 891" do not apply to Defendants.

**CONCLUSION**

The requirements for the diversity of citizenship jurisdiction Plaintiff has asserted have not been met.

None of the claims asserted are clear, and none assert actual facts. Instead, they are full of accusations, opinions, and beliefs, along with Plaintiff's personal interpretation of multiple federal laws that do not apply to Defendants and which he cannot raise against them. He has met none of the elements of a class action lawsuit, and he has not asserted that a single other delegate even desires to join his complaint.

Therefore, Defendants respectfully request this Court dismiss the Complaint, with prejudice, for a lack of subject matter jurisdiction and for failure to state a claim.

Respectfully submitted on this 23rd day of May, 2022.

/s/ Kristine L. Brown
*Kristine L. Brown*
8700 E. Jefferson Ave. #371703
Denver, CO 80237
Telephone: 720-767-2417
E-mail: kristi@kristiburtonbrown.com

*Attorney for Defendants Kristi Burton Brown, Priscilla Rahn and Joseph Jackson*

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2022, I electronically filed this MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties. Additionally, to be certain that Mr. Grey-Ginserg receives the Motion, I will email him a copy on May 23, 2022 to: **gray-ginsberg@coloradogop.org**.

Jon Grey Ginsberg

Kristi Burton Brown

Priscilla Rahn

Joseph Jackson

/s/ Kristine L. Brown
*Kristine L. Brown*
8700 E. Jefferson Ave. #371703
Denver, CO 80237
Telephone: 720-767-2417
E-mail: kristi@kristiburtonbrown.com