IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:22-cv-00989-SKC

JON F. GRAY-GINSBERG, *et al.*,

      Plaintiffs,

v.

SUNEEL GUL MIRCHANDANI, *et al.*,

      Defendants.

---

## RECOMMENDATION & ORDER

      Plaintiffs initiated this case on April 22, 2022. Dkt. 1.[1] In May 2022, Plaintiffs filed an exhibit and two notices regarding attempts to complete service of process on Defendants. *See* Dkts. 6-8. Defendant Kristi Burton-Brown, Joe Jackson, and P. Rahm filed a Motion to Dismiss on May 23, 2022, but Plaintiffs failed to respond. Dkt. 11. To be sure, Plaintiffs have not communicated with the Court since filing the exhibit and notices in May 2022.

      On March 13, 2023, the undersigned judicial officer issued an Order to Show Cause, returnable on March 24, 2023, why he should not recommend this case be dismissed for failure to prosecute. Dkt. 12. The Court also noted that one of the

---

[1] The Court uses "Dkt. ___" to refer to docket entries in CM/ECF.

1

Plaintiffs appeared to be an entity, which would require representation by an attorney, and the Court instructed Plaintiffs as much. *Id*. Plaintiffs have again filed nothing, and no attorney has entered an appearance on their behalf. Although two of the Court's docketing notices were returned as undeliverable in May 2022, Dkts. 9 and 10, the Court's Order to Show Cause was not, and Plaintiffs have not filed any further change of address notice with the Court as required by D.C.Colo.LCivR 5.1(c).

## DISCUSSION

Although Plaintiff Jon F. Gray-Ginsberg is proceeding without an attorney, he nonetheless bears the responsibility of prosecuting his case with diligence and by complying with the Local Rules of Practice. While a Court must liberally construe *pro se* filings, a litigant's *pro se* status does not relieve him of his obligation to comply with the rules of civil procedure. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give the district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) contemplates a defendant filing a motion to dismiss, this Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a

2

plaintiff's failure to prosecute or comply with procedural rules or court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33 (1962).

Plaintiffs have taken no action regarding the Order to Show Cause and have not retained counsel for the entity Plaintiff despite a warning from the Court regarding their failure to participate or comply. Consequently, it appears Plaintiffs have abandoned their case.

\*   \*   \*

For the reasons shared above, and pursuant to Fed. R. Civ. P. 41(b), the Court RECOMMENDS this case be dismissed without prejudice for Plaintiffs' failure to prosecute this action and comply with this Court's order to retain counsel.[2]

IT IS ORDERED this case shall be drawn to a presiding district court judge.

DATED: June 2, 2023.

---

[2] **Be advised the parties have 14 days after service of this recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations.** *United States v. Raddatz*, **447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within 14 days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court.** *Thomas v. Arn*, **474 U.S. 140, 155 (1985);** *Moore v. United States*, **950 F.2d 656, 659 (10th Cir. 1991).**

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

4